[Cite as *Baradji v. Zulily*, 2018-Ohio-304.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Mpamara "Oumar" Baradji, | : | |
| Plaintiff-Appellant, | : | No. 16AP-628 |
| | | (C.P.C. No. 15CV-7334) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Zulily, | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on January 25, 2018

**On brief**: *Durden Law, LPA, LLC*, and *Aaron G. Durden*; *Stephen E. Mindzak Law Offices, LLC*, and *Stephen E. Mindzak*, for appellant. **Argued**: *Stephen E. Mindzak*.

**On brief**: *Fisher & Phillips LLP*, *Steven M. Loewengart*, and *Mathew A. Parker*, for appellee. **Argued**: *Mathew A. Parker*.

APPEAL from the Franklin County Court of Common Pleas

BROWN, P.J.

{¶ 1} Mpamara "Oumar" Baradji, plaintiff-appellant, appeals from the judgment of the Franklin County Court of Common Pleas, in which the court entered judgment granting the motion for summary judgment filed by Zulily, defendant-appellee.

{¶ 2} Zulily is an online retailer that maintains a fulfillment center in Ohio. Appellant began working for Zulily at the fulfillment center on July 31, 2014. On August 18, 2014, appellant's thumb was injured while working at the fulfillment center. On August 27, 2014, appellant filed a workers' compensation claim, and the claim was allowed for two conditions. Appellant did not work from August 19 to October 20, 2014, due to his allowed conditions.

{¶ 3} Appellant missed work and was tardy for work after his return in October 2014. On February 17, 2015, appellant exhausted his "time-off" allocations, and Zulily's human resources department informed him that he would be put on a "final written warning," pursuant to Zulily's attendance policy. That attendance policy required employees call an attendance hotline when they could not appear for work, and provided that failure to do so within four hours of the start of the shift could result in immediate termination. The attendance policy also provided that after all time-off allocations were exhausted and the employee committed additional attendance infractions, the employee was subject to rapid progressive discipline, which included one final written warning followed by termination of employment. Despite being warned that he would be put on Final Warning on February 17, 2015, appellant told Zulily's human resources department that he needed to leave work early that same evening.

{¶ 4} On February 19, 2015, appellant failed to show up for work and did not call the attendance hotline. When he returned to work on February 20, 2015, Zulily gave appellant a final written warning, informing him that he had a negative time-off balance and failure to comply with the attendance policy could result in disciplinary action, including termination. Appellant was late for his next two shifts on February 23 and 24, 2015, and he did not call the attendance hotline on either occasion. Zulily terminated appellant on February 24, 2015. Zulily's cited reason for terminating appellant's employment was his violation of Zulily's attendance policy.

{¶ 5} On August 21, 2015, appellant filed a complaint against Zulily, alleging workers' compensation retaliation in violation of R.C. 4123.90. On May 27, 2016, Zulily filed a motion for summary judgment.

{¶ 6} On August 12, 2016, the trial court granted Zulily's motion for summary judgment, finding Zulily had a neutral, non-retaliatory reason for terminating appellant's employment. Appellant appeals the judgment of the trial court, asserting the following two assignments of error:

> I. The Trial Court Erred By Granting Summary Judgment In Favor of Defendant-Appellee.
>
> II. The Trial Court's Refusal to View the Evidence in the Light Most Favorable to Plaintiff-Appellant is Contrary to the Requirements of Rule 56, Ohio Rules of Civil Procedure.

{¶ 7}   We address appellant's assignments of error together. Generally, appellant argues in his assignments of error the trial court erred when it granted Zulily's motion for summary judgment. Summary judgment is appropriate when the moving party demonstrates that: (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion when viewing the evidence most strongly in favor of the non-moving party, and that conclusion is adverse to the non-moving party. *Hudson v. Petrosurance, Inc.*, 127 Ohio St.3d 54, 2010-Ohio-4505, ¶ 29; *Sinnott v. Aqua-Chem, Inc.*, 116 Ohio St.3d 158, 2007-Ohio-5584, ¶ 29. Appellate review of a trial court's ruling on a motion for summary judgment is de novo. *Hudson* at ¶ 29. This means that an appellate court conducts an independent review, without deference to the trial court's determination. *Zurz v. 770 W. Broad AGA, LLC*, 192 Ohio App.3d 521, 2011-Ohio-832, ¶ 5 (10th Dist.); *White v. Westfall*, 183 Ohio App.3d 807, 2009-Ohio-4490, ¶ 6 (10th Dist.).

{¶ 8}   When seeking summary judgment on grounds the non-moving party cannot prove its case, the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on an essential element of the non-moving party's claims. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). The moving party does not discharge this initial burden under Civ.R. 56 by simply making a conclusory allegation that the non-moving party has no evidence to prove its case. *Id.* Rather, the moving party must affirmatively demonstrate by affidavit or other evidence allowed by Civ.R. 56(C) that the non-moving party has no evidence to support its claims.  *Id.*  If the moving party meets its burden, then the non-moving party has a reciprocal burden to set forth specific facts showing there is a genuine issue for trial. Civ.R. 56(E); *Dresher* at 293. If the non-moving party does not so respond, summary judgment, if appropriate, shall be entered against the non-moving party. *Id.*

{¶ 9}   Appellant alleges Zulily terminated his employment in retaliation for filing a workers' compensation claim, in violation of R.C. 4123.90, which provides:

> No employer shall discharge, demote, reassign, or take any punitive action against any employee because the employee filed a claim or instituted, pursued or testified in any proceedings under the workers' compensation act for an

injury or occupational disease which occurred in the course of
and arising out of his employment with that employer.

{¶ 10} To support a claim for retaliatory discharge, a plaintiff must show that: (1) she engaged in a protected activity, (2) she was the subject of an adverse employment action, and (3) a causal link existed between the protected activity and the adverse action. *See Chandler v. Empire Chem., Inc.,* 99 Ohio App.3d 396 (9th Dist.1994), citing *Jackson v. RKO Bottlers of Toledo, Inc.*, 743 F.2d 370, 375 (6th Cir.1984). If the plaintiff meets her initial burden in establishing a prima facie case, then the burden shifts to the defendant to give a legitimate, non-discriminatory reason for the action. *See id.*, citing *Burrus v. United Tel. Co.*, 683 F.2d 339, 343 (10th Cir.1982). If the defendant gives a non-discriminatory reason, then the plaintiff must show that the articulated reason was only a pretext for the adverse action. *See id.* This court has applied the foregoing analysis to R.C. 4123.90 claims. *See Sidenstricker v. Miller Pavement Maintenance, Inc.*, 10th Dist. No. 00AP-1146 (Oct. 25, 2001); *Oliver v. Wal-Mart Stores, Inc.*, 10th Dist. No. 02AP-229, 2002-Ohio-5005. To create a question of fact with respect to pretext, the plaintiff must demonstrate the defendant's proffered reason for firing the plaintiff: (1) had no basis in fact, (2) did not actually motivate the discharge, or (3) was insufficient to motivate the discharge. *King v. Jewish Home*, 178 Ohio App.3d 387, 2008-Ohio-4724, ¶ 9 (1st Dist.).

{¶ 11} In the present case, we will assume, arguendo, as did the trial court, that appellant has met his burden of demonstrating a prima facie case for retaliatory discharge. Assuming such, appellant contends the reason cited by Zulily for his termination was a pretext for retaliation. Zulily maintained appellant was discharged based on violations of its attendance policy. Appellant first argues the trial court should not have relied on the supplemental affidavit filed by Stuart Hall, a human resources representative for Zulily, because it was contradictory. Appellant claims Zulily terminated his employment due to attendance policy violations, but then paid him for 40 hours of time off after he was terminated. Appellant argues this discrepancy indicates a genuine issue of material fact in that he could not have exhausted his time-off allocation prior to his termination if Zulily later paid him for his remaining time-off allocation after his termination.

{¶ 12} Furthermore, appellant argues Zulily claimed he did not report for work on at least two occasions, when, in fact, he timely reported to work on those occasions. This,

appellant claims, demonstrates the attendance policy did not actually motivate the discharge but shows, instead, Zulily had a hostile attitude toward him.

{¶ 13} The trial court found Zulily met its burden by offering a neutral reason for terminating appellant's employment. The court held that Zulily articulated a legitimate non-retaliatory reason for termination; namely, that appellant violated the attendance policy. The trial court then rejected appellant's arguments that the reason was pretext. With regard to appellant's argument that Zulily paid him for 40 hours of time off after his termination, the court found he testified in his deposition that, after his termination, he was paid for 20 hours of unpaid wages for time worked but averred in his affidavit that he had been paid for 40 hours of time off, which were contradictory assertions. With regard to appellant's argument that Zulily did not acknowledge he was present for two shifts he worked, the trial court found the attendance calls from Zulily to appellant while he was actually working were made by Zulily because appellant failed to properly clock in on those occasions, and the fact that Zulily was actually wrong to call appellant does not show pretext.

{¶ 14} After reviewing appellant's arguments and the record before us, we cannot find any error in the trial court's conclusions. "[A]n employee's termination under an employer's * * * policy is not considered a retaliatory discharge if the company policy is neutral in its application." *Oliver* at ¶ 17, citing *Metheney v. Sajar Plastics, Inc.*, 69 Ohio App.3d 428, 432 (11th Dist.1990). Excessive absenteeism in violation of a company attendance policy is a legitimate non-retaliatory reason for discharge. *Dover v. Carmeuse Natural Chems.*, 5th Dist. No. 10-CA-8, 2010-Ohio-5657, ¶ 52.

{¶ 15} Appellant presented evidence via affidavit and deposition. Appellant averred in his affidavit that he was paid for 40 hours of time off after his termination. As for his deposition testimony, we note that appellant spoke through an interpreter, and the testimony was confusing and often difficult to comprehend. Notwithstanding, appellant seemed to claim in his deposition that Zulily paid him for 20 missing hours after he was terminated. He contended the 20 hours were taken from him because he filed a workers' compensation claim, and those 20 hours were counted against him for his time off in order to give him enough "points" to terminate him. He said Hall eventually told him he was going to get his 20 hours credited, and then he was terminated and escorted from the property five hours later.  Thus, his theory appeared to be that Zulily wrongly claimed he

did not work 20 hours, assessed him penalty "points," fired him based on those wrongly accumulated points, and then credited him for the 2o hours after he was terminated.  He repeatedly denied Zulily ever issued him a final written warning for unexcused absences and tardiness. He initially said he did not have any issues with absences or tardiness but eventually admitted there were times he was late to work. He also denied he was late to work on February 23 and 24, 2015, which were the two incidents of tardiness that Zulily used as grounds to terminate him for violation of its attendance policy.

{¶ 16} With regard to appellant's contention that he was paid for 40 hours of time off after his termination, Hall averred in his supplemental affidavit that Zulily did not pay appellant for 40 hours of time off after his termination; rather, appellant received a paycheck that included 20 hours of unpaid regular wages for time he alleged he worked during January 12 through 24, 2015. The payment was made as part of his regular hourly wages and not for time off. Hall explained that in late January or early February 2015, appellant's manager told Hall appellant claimed he was missing pay for two shifts (20 hours total) that he worked for the weeks of January 12 and 25, 2015. Hall investigated but could find no evidence appellant worked or did not work these 20 hours. Hall recommended to Zulily that it pay appellant for the 20 hours because he could not find proof either way. In his deposition, Hall indicated appellant was adamant that he was present for two days for which he did not get paid, and the managers conceded he could have been present but not clocked in for two shifts, so Hall recommended Zulily pay him. Importantly, Hall testified appellant was never charged time off for these 20 hours.

{¶ 17} With regard to the two occasions Hall called appellant to ask him about his absence, when in fact appellant was present at work, Hall averred in his supplemental affidavit that he simply did not know appellant was at work because he had not clocked in. If he would have known he was at work, Hall stated he would have just found appellant in the warehouse and told him he was not clocked in. In his deposition, Hall reiterated the same facts.

{¶ 18} Appellant has failed to raise a genuine issue of material fact to show that Zulily's articulated reason—a violation of the attendance policy—was merely a pretext for his termination. Appellant has failed to present any evidence of pretext, and his deposition repeatedly relies on his own unsupported opinions and pure conjecture. Hall's testimony and the documentary evidence submitted to the trial court, including e-mails,

payment records, and attendance records, demonstrate Zulily had a legitimate, non-retaliatory basis for terminating appellant. With regard to the 20 hours Zulily paid appellant after he was terminated, Hall testified he only recommended Zulily pay appellant because appellant was adamant that he worked those shifts, and Hall could find no evidence either way. Furthermore, appellant claimed in his affidavit that this payment was for 40 hours of "time-off," which Hall explained was clearly not the case. Instead, as Hall explained, the payment was for regular wages appellant claimed he had earned but for which he had not been paid. There was no time off indicated in the payroll records for the pertinent period. As for whether the two occasions that Zulily originally believed appellant was absent but later discovered appellant was at work but not clocked in, there is nothing in the record that indicates these occasions contributed to the decision to terminate appellant's employment or were motivated by hostility. In addition, appellant's claim that he was paid for 40 hours of time off contradicts his deposition testimony that it was actually 20 hours of unpaid wages for time he allegedly worked.

{¶ 19} The evidence presented showed, and appellant failed to adequately demonstrate otherwise, that appellant was put on a final written warning due to his lack of remaining time off as of February 17, 2015, and he subsequently was tardy on two occasions, which was a violation of the attendance policy and grounds thereunder for termination. Beyond appellant's conjecture, there was absolutely no evidence or any genuine issue of material fact raised to support the allegation that appellant's termination was based on the filing of a workers' compensation claim. Even construing the evidence most strongly in favor of appellant, he has failed to adequately refute Hall's specific testimony and Zulily's clear records. For these reasons, the trial court did not err when it granted summary judgment, and appellant's assignments of error are overruled.

{¶ 20} Accordingly, appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

LUPER SCHUSTER and HORTON, JJ., concur.

_____