**[Cite as *Coco v. Beyesly's Restaurant*, 2021-Ohio-4201.]**

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| JASON COCO, | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellant | : | Hon. W. Scott Gwin, J. |
| | : | Hon. William B. Hoffman, J. |
| -vs- | : | |
| | : | |
| BEYESLY'S RESTAURANT, | : | Case No. 2021CA00059 |
| | : | |
| Defendant - Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:            Appeal from the Stark County Court
                                                                  of Common Pleas, Case No. 2020
                                                                  CV 00950

JUDGMENT:                                          Affirmed

DATE OF JUDGMENT:                          November 30, 2021

APPEARANCES:

For Plaintiff-Appellant                              For Defendant-Appellee

SEAN H. SOBEL                                      ROBERT J. TSCHOLL
Sobel, Wade & Mapley, LLC                    JENNIFER L. ARNOLD
55 Erieview Plaza, Suite 370                    400 South Main Street
Cleveland, Ohio 44114                            North Canton, Ohio 44720

*Baldwin, P.J.*

{¶1}   Plaintiff-appellant Jason Coco appeals from the April 29, 2021 Judgment Entry of the Stark County Court of Common Pleas granting the Motion for Summary Judgment filed by defendant-appellee Beyesly's Restaurant.

STATEMENT OF THE FACTS AND CASE

{¶2}   Appellee Beyesly's Restaurant is a small family run business with 5 to 7 employees. The owners of Beyesly's are Bill and Chris Maronitis and Maria Beyes. The employees are split amongst grill cooks, servers and kitchen help. Because it is a small business, each employee is important to the operation of the restaurant.

{¶3}   Bill Maronitis, who was in his 70's at the time, does the food preparation in the kitchen and worked closely with appellant Jason Coco who was hired by appellee in March of 2017. He was hired as a dishwasher and kitchen employee as well as to perform other tasks assigned by the owners. Appellant suffers from multiple sclerosis (MS), a nervous system disease that affects the brain and spinal cord.

{¶4}   In November of 2017, appellant, who experienced a flare up of his MS on November 29, 2017, fell and experienced temporary paralysis. Appellant notified appellee that he would not be able to work and told appellee that he would be able to work in a few days.  In late December of 2017, appellant contacted appellee and indicated that he was able to return to work. Appellant, however, was informed that he had been replaced.

{¶5}   On June 30, 2020, appellant filed a complaint against appellee alleging that he had been discriminated against due to his disability. Appellee filed an answer to the complaint on July 20, 2020. On March 3, 2021, appellee filed a Motion for Summary

Judgment. Appellant filed a brief in opposition to the same on March 31, 2021 and appellee filed a reply on April 5, 2021.

{¶6} The trial court, as memorialized in a Judgment Entry filed on April 29, 2021, granted appellee's Motion for Summary Judgment.

{¶7} Appellant now appeals, raising the following assignment of error on appeal:

{¶8} "I. THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT IN FAVOR OF BEYESLY'S RESTAURANT AND FINDING AS A MATTER OF LAW THAT BEYESLY'S RESTAURANT DID NOT DISCRIMINATE AGAINST JASON COCO BASED ON HIS DISABILITY."

I

{¶9} Appellant, in his sole assignment of error, argues that the trial court erred in granting summary judgment in favor of appellee. We disagree.

{¶10} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 1996-Ohio-211, 448, 663 N.E.2d 639:

> Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379,

citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

**{¶11}** As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35, 506 N.E.2d 212 (1987). As explained by this court in *Leech v. Schumaker,* 5th Dist. Richland No. 15CA56, 2015-Ohio-4444, ¶ 13:

> It is well established the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The standard for granting summary judgment is delineated in *Dresher v. Burt* (1996), 75 Ohio St.3d 280 at 293: "* * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be

denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party. The record on summary judgment must be viewed in the light most favorable to the opposing party. *Williams v. First United Church of Christ* (1974), 37 Ohio St.2d 150.

**{¶12}** As is stated above, appellant contends that the trial court erred in granting summary judgment in favor of appellee on appellant's disability discrimination claim.

**{¶13}** R.C. 4112.02(A) states that it is an unlawful discriminatory practice "[f]or any employer, because of the race, color, religion, sex, military status, national origin, disability, age, or ancestry of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment." 4112.01(A)(13) defines a disability as meaning "a physical or mental impairment that substantially limits one or more major life activities, including the functions of caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working; a record of a physical or mental impairment; or being regarded as having a physical or mental impairment."

*{¶14}* In order to survive a summary judgment on a statutory claim for disability-discrimination pursuant to R.C. 4112.02(A), the appellant must set forth a prima facia case of disability discrimination by showing (1) that appellant was disabled, (2) that his employer took adverse employment action motivated at least in part by his disability, and

(3) that appellant, even with his disability, can safely and substantially perform the essential functions of his job with or without reasonable accommodation. See *Columbus Civ. Serv. Comm. v. McGlone*, 82 Ohio St.3d 569, 697 N.E.2d 204 (1998). Where a plaintiff "establishes a prima facie case of disability discrimination, the burden shifts to the employer to set forth some legitimate, nondiscriminatory reason for the action taken." *Sicklesmith v. Chester Hoist,* 169 Ohio App.3d 470, 2006-Ohio-6137, 863 N.E.2d 677, ¶ 97, citing *Hood v. Diamond Prods, Inc.* , 74 Ohio St.3d 298, 302, 1996-Ohio-259,  658 N.E.2d 738. "[I]f the employer establishes a nondiscriminatory reason for the action taken, then the employee must demonstrate that the employer's stated reason was a pretext for impermissible discrimination." *Id.*

{¶15}  We analyze appellant's disability discrimination claim under Ohio law in the same manner as disability discrimination claims under the federal Americans with Disabilities Act (hereinafter "ADA"). *Columbus Civ. Serv. Comm. v. McGlone*, 82 Ohio St.3d 569, 570 797 N.E.2d 204 (1998). Stated differently, because the federal and Ohio laws are similar, we look to the federal cases interpreting the ADA in our interpretation of Ohio law. *Id.* at 573.

{¶16}  Federal courts hold that "[a]n employee who cannot meet the attendance requirements of the job at issue cannot be considered a 'qualified' individual protected by the ADA." *Gantt v. Wilson Sporting Goods Co.* ,143 F.3d 1042, 1047 (6th Cir., 1998)*,* citing *Tyndall v. National Educ. Ctrs.Inc.,* 31 F.3d 209 (4th Cir., 1994).

{¶17} In the case sub judice, appellant claimed, although he never produced documentation of this condition, that he had multiple sclerosis. Multiple sclerosis meets

the definition of "disability" since it is a physical impairment that substantially limits one or more major life activities.

**{¶18}** However, we find that appellant failed to set forth a prima facia case of disability discrimination because appellant was not able to adequately perform the essential functions of his employment with appellee. Regular attendance and ability to perform the work are an essential function of any position. *Larkins v. Ciba Vision Corp.,* 858 F.Supp. 1572 (N.D.Ga.1994),*. Pfleger v. BP Am., Inc.,* 8th Dist. No. 68874, 1996 WL 355290, at 6 (June 27, 1996).

**{¶19}** In the case sub judice, there was evidence before the trial court that appellant was absent from work a substantial amount of time. Maria Beyes, in her affidavit that was attached to appellee's Motion for Summary Judgment, stated, in relevant part, as follows:

**{¶20}** 1. My name is Maria Beyes and I am one of the family members who is employed at Beyesly's Restaurant.

**{¶21}** 2. I am making this affidavit of my personal knowledge from my employment at Beyesly's and my involvement with Jason Coco during his employment at Beyesly's during 2017. I maintain employment and attendance records in the normal course of business and have created an attendance matrix for Coco, which is attached as Exhibit A to my affidavit.

**{¶22}** 3. I made the attendance matrix by reviewing Coco's time records, which are attached as Exhibit B to this affidavit.

**{¶23}** 4. These time records are kept in the normal course of business by Beyesly's and maintained as a business record.

{¶24} 5. A summary review of Coco's attendance and ability to do the job when he did show up for work can be summarized as follows:

a) Form March through December 2017, he was scheduled to work two-hundred and three (203) days.

b) He worked as scheduled on one hundred sixty-three (163) of those days.

c) He was late on twenty-two (22) of the days that he did show up for work.

d) He reported off on fifty-four (54) of the days that he was scheduled to work.

e) He reported off on 26.6% of the days that he was scheduled to work. That does not include the days that he reported late to work.

f) By not showing up to work for 26.6% of the days that he was scheduled to work, he created a great hardship for Beyesly's.

g) He was hired to be a dishwasher. When he didn't show up for work, my 79-year-old father, who normally prepares the food, had to on numerous occasions fill in for him and wash the dishes.

h) At other times, when he gave us notice of his report off, I had to attempt to replace him. In any event, his failing to work as scheduled was a major problem for Beyesly's operations.

i) When he did come to work, on sixty (60) or seventy (70) occasions out of a hundred sixty-three (163) days that he did comes to work, he claimed that he could not do his job because of his medical condition, which he claimed was multiple sclerosis.

{¶25} As noted by the trial court in its decision, appellant "was absent for about 26% of his scheduled days and on approximately half of the days he did appear for work, he claimed that he was unable to perform his job requirements." Moreover, washing and putting away dishes are essential functions of appellant's job as a dishwasher and must be performed in person. Appellant's absences and his inability to perform such functions caused a hardship to appellee as a small business. There was evidence that Bill Maronitis was often forced to perform these functions. Maronitis, in his affidavit, stated that appellant's attendance was terrible and that he frequently had to interrupt his food preparation to wash dishes.

{¶26} Appellant, in his brief, argues that he presented direct evidence of discrimination in the form of a recorded meeting between appellant, Beyes and Maronitis that took place during January of 2018. Appellant notes that during the conversation, which was transcribed and is part of the record in this case, Maronitis and Maria Beyes voiced concerns about potential liability if appellant were to fall at work, especially during the winter when the parking lot was salted and slippery. However, during the same conversation, Maronitis indicated that they never knew when appellant was going to be off of work. During the conversation, Larry Beyes, Maria's husband, stated at page 9 that "[t]he job requires somebody's going to be here every single time and when you are not confident that that job is going to be filled every single day, how can you run your business? You can't that's the bottom line." Maria Beyes also indicated that she and her father could not physically perform appellant's job functions along with their own since they were not "spring chickens anymore."

**{¶27}** Based on the foregoing, we find that the trial court did not err in granting summary judgment in favor of appellee since appellant failed to set forth a prima facia case of disability discrimination.

**{¶28}** Appellant's sole assignment of error is, therefore, overruled.

**{¶29}** Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.

By: Baldwin, P.J.

Gwin, J. and

Hoffman, J. concur.