[Cite as *Pavlick v. Cleveland Hts.-Univ. Hts. Bd. of Edn.*, 2015-Ohio-179.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101570**

## LOUIS J. PAVLICK

PLAINTIFF-APPELLANT

vs.

## CLEVELAND HEIGHTS-UNIVERSITY HEIGHTS BOARD OF EDUCATION

DEFENDANT-APPELLEE

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-13-805477

**BEFORE:** E.T. Gallagher, J., S. Gallagher, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** January 22, 2015

**ATTORNEY FOR APPELLANT**

Michael T. Conway
3456 Sandlewood Drive
Brunswick, Ohio 44212


**ATTORNEYS FOR APPELLEE**

Sherrie C. Massey
Krista K. Keim
Sarah E. Kutscher
David K. Smith
Britton, Smith, Peters & Kalail, Co.
3 Summit Park Drive, Suite 400
Cleveland, Ohio 44131

EILEEN T. GALLAGHER, J.:

{¶1} Plaintiff-appellant, Louis J. Pavlick ("Pavlick"), appeals from the trial court's granting of summary judgment in favor of defendant-appellee, Cleveland Heights-University Heights Board of Education ("the board"). Finding no merit to the appeal, we affirm.

{¶2} In August 2012, Pavlick was hired by the board to join the maintenance department, with a mandatory 90-day probationary period. Pavlick was hired to be a member of the Tradesperson team, with a specialization in heating, ventilation, and air conditioning ("HVAC"). He began his employment on September 4, 2012. On January 18, 2013, the last day of his probationary period, the board terminated Pavlick's employment.

{¶3} The board alleges that Pavlick failed to perform his job duties on two separate occasions during his probationary period, once sitting with his feet up and shoes off, and once playing solitaire on a work computer. In addition, the board alleges that other employees of the same department reported to supervisors that Pavlick lacked initiative and was not a team player.

{¶4} In April 2013, Pavlick filed suit against the board, alleging disability discrimination as the reason for his termination. In January 2014, the board filed a motion for summary judgment. Pavlick opposed the motion in February 2014, and in March 2014, the trial court granted summary judgment in favor of the board. It is from this order that Pavlick now appeals, raising three assignments of error.

{¶5} In his first assignment of error, Pavlick argues the trial court erred in granting summary judgment to the board based on a finding that the board did not perceive him as disabled. In his second assignment of error, Pavlick argues the trial court erred in granting summary judgment to the board based on a finding that his lifting restriction was not evidence of

a physical disability. These two assignments of error are closely related, therefore we will address them together.

{¶6} Appellate review of summary judgments is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). The Ohio Supreme Court stated the appropriate test in *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998), as follows:

> Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 1995-Ohio-286, 653 N.E.2d 1196, paragraph three of the syllabus.

It is well established that the party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). The moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. *Id.*

{¶7} The nonmoving party has a reciprocal burden of specificity and must set forth specific facts showing a genuine issue exists for trial. *Id.* The reviewing court evaluates the record in a light most favorable to the nonmoving party. *Saunders v. McFaul*, 71 Ohio App.3d 46, 50, 593 N.E.2d 24 (8th Dist.1990). Any doubts must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359, 604 N.E.2d 138 (1992).

**Disability Discrimination**

**{¶8}** R.C. 4112.02(A) makes it an unlawful discriminatory practice for any employer, because of an employee's disability, to discharge the employee without just cause. In a case such as this one, where the employer denies terminating the employee due to an alleged disability and where no direct evidence of discrimination exists, the well-established *McDonnell-Douglas* burden-shifting framework is used to analyze cases of alleged discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

**{¶9}** In order to establish a prima facie case of disability discrimination, the person seeking relief must demonstrate that (1) he was disabled, (2) an adverse employment action was taken by an employer, at least in part, because the individual was disabled, and (3) the person, though disabled, can safely and substantially perform the essential functions of the job in question. *DeBolt v. Eastman Kodak Co.*, 146 Ohio App.3d 474, 766 N.E.2d 1040, ¶ 39 (10th Dist.2001), citing *Columbus Civ. Serv. Comm. v. McGlone*, 82 Ohio St.3d 569, 571, 697 N.E.2d 204 (1998).

**{¶10}** Thus, in order to establish a prima facie case of disability discrimination, Pavlick must first prove that he is disabled pursuant to R.C. 4112.02(A). R.C. 4112.01(A)(13) defines "disability" as:

> [1] a physical or mental impairment that substantially limits one or more major life activities, including the functions of caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working; [2] a record of a physical or mental impairment; or [3] being regarded as having a physical or mental impairment.[1]

---

[1] *See also* 42 U.S.C. 12102(1)(C). Courts are permitted to look to federal regulations and cases interpreting the Americans with Disabilities Act ("ADA") for guidance when interpreting and applying Ohio law. *McGlone* at 573; *see also Knapp v. Columbus*, 192 Fed. Appx. 323, 328 (6th Cir.2006).

In his appellate brief, Pavlick states multiple times that he is disabled but that he is not proceeding on appeal under the "actual disability definition." Regardless, as was done at the trial level, we will address each of the three definitions for which Pavlick could establish the first prong of his prima facie case.

## Physical or Mental Impairment

{¶11} Under the first definition, Pavlick must establish that he suffers from "a physical or mental impairment that substantially limits one or more major life activities, including the functions of caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working[.]" R.C. 4112.01(A)(13).

{¶12} In his affidavit submitted in support of his brief in opposition to summary judgment, Pavlick avers he has a permanent lifting restriction as a result of a prior lumbar fusion surgery.[2] Whereas lifting is generally considered a major life activity, the inability to lift over a certain weight restriction is, in and of itself, not a disability. *McClain v. Shaker Hts.*, 8th Dist. Cuyahoga No. 96175, 2011-Ohio-4418, ¶ 16, citing *Dunaway v. Ford Motor Co.*, 134 Fed.Appx. 872, 877 (6th Cir.2005). *See also Law v. Scottsville*, 6th Cir. No. 98-6335, 2000 U.S. App. LEXIS 14512 (June 15, 2000) ("Federal case law supports that a maximum weight restriction is not a disability as defined by the ADA."); *Gayer v. Continental Airlines, Inc.*, 21 Fed. Appx. 347, 350 (6th Cir.2001) (holding that the plaintiff's inability to lift over 40 pounds did not, alone, render her disabled); *Parrot v. A.R.E. Inc.*, 5th Dist. Stark No. 2006CA00005, 2006-Ohio-4527

---

[2] As a preliminary matter, we note that we will refer to Pavlick's alleged lifting restriction without a specific limit. Pavlick states different restrictions throughout the record; a 50 lbs. limit on the EEO/EMIS form of his application, a 25-30 lbs. limit on Dr. Sawhny's handwritten note, and a 45 lbs. limit in his complaint.

(finding that a five pound lifting restriction did not constitute a disability as defined by the ADA).

{¶13} In order to prove his lifting restriction is in fact a disability, Pavlick must set forth evidence that his lifting restriction substantially limits a major life activity. "Substantially limits," as set forth in R.C. 4112.01(A)(13), is defined as follows:

> (i) Unable to perform a major life activity that the average person in the general population can perform; or
>
> (ii) Significantly restricted as to the condition, manner, or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity.

Section 1630.2(j)(1), Title 29, C.F.R.

{¶14} Pavlick has failed to present any evidence to establish that his lifting restriction substantially limits one or more major life activities under either of the aforementioned definitions. *See Sadinsky v. EBCO Mfg. Co.*,134 Ohio App.3d 54, 730 N.E.2d 395 (10th Dist.1999) (holding that an employee's inability to lift more than 30 to 40 pounds did not substantially limit his ability to engage in ordinary daily activities); *McKay v. Toyota Motor Mfg. U.S.A., Inc.*, 110 F.3d 369 (6th Cir.1997) (holding that the plaintiff's weight lifting restrictions are not a disability under the ADA where there was no evidence that the condition restricted the plaintiff from performing a broad class of jobs or any other major life activity).

{¶15} "Merely having an 'impairment' does not make one disabled for purposes of the ADA." *Toyota Motor Mfg., Kentucky Inc. v. Williams*, 534 U.S. 184, 195, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002). We find that Pavlick did not establish an actual disability, under R.C.

4112.01(A)(13)'s first definition because he failed to provide evidence that his lifting restriction substantially limited a major life activity.

### Record of a Physical or Mental Impairment

{¶16} Next, in order to establish a prima facie case under the second definition of disability, contained in R.C. 4112.01(A)(13), Pavlick must establish that he has a record of disability.

{¶17} Pavlick asserts that he has a record of his physical impairment, evidenced by his affidavit and a hand written doctor's note dated January 1, 2011, which is attached as an exhibit to his brief in opposition to the board's motion for summary judgment. This note, from Dr. Bhupinder Sawhny ("Dr. Sawhny"), states "[p]atient has a permanent weight restriction of lifting no greater than 25 to 30 lbs." Pavlick did not provide this note to the board at any time prior to being terminated.

{¶18} The board argues Pavlick has no record of a disability because (1) Pavlick failed to provide any evidence apart from Dr. Sawhny's note and his affidavit to support his claims, and (2) Dr. Sawhny's note is contradicted by the medical evaluation Pavlick was required to have prior to being hired by the board.

{¶19} Pavlick's medical examination was performed by his personal physician, Dr. Robert Dohar ("Dr. Dohar"). Dr. Dohar has treated Pavlick since 2002. The form, dated October 9, 2012, makes no reference to any lifting restriction or disability, and states that Pavlick is "[c]urrently able to work without accommodation." This form was provided to the board prior to being hired.

{¶20} After a thorough review of the record, we find the board is correct. Apart from Dr. Dohar's evaluation and Dr. Sawhny's note, Pavlick failed to present any additional medical

documentation. Apart from his own affidavit, Pavlick provided absolutely no evidence to support his claim that he had lumbar fusion surgery. It is well established that "'a party's unsupported and self-serving assertions, offered by way of affidavit, standing alone and without corroborating materials under Civ.R. 56, will not be sufficient to demonstrate material issues of fact.'" *Davis v. Cleveland*, 8th Dist. Cuyahoga No. 83665, 2004-Ohio-6621, ¶ 23, quoting *Bell v. Beightler*, 10th Dist. Franklin No. 02AP-569, 2003-Ohio-88, ¶ 33.

{¶21} In using the same analysis for determining whether a particular ailment meets the definition for disability, we find that Pavlick has not established a record of disability under R.C. 4112.02. Pavlick's alleged "history" of back issues appears from the record to be limited to his affidavit and the note of Dr. Sawhny, both contradicted by Dr. Dohar's medical examination. "Mere references to previous instances of ill-health * * * are not sufficient evidence of a record of impairment to establish true disability status under R.C. 4112.02." *Yamamoto v. Midwest Screw Prods.*, 11th Dist. Lorain No. 2000-L-200, 2002-Ohio-3362, ¶ 43. Thus, we find that Pavlick has failed to establish a prima facie case under the second definition of disability.

### Regarded as Having an Impairment

{¶22} Third, Pavlick can establish a prima facie case by proving that he was disabled under the third definition of R.C. 4112.01(A)(13). Under this definition:

> [a]n individual meets the requirements of "being regarded as having such an impairment" if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity.

42 U.S.C. 12102(3).

{¶23} In *Field v. Medlab Ohio, Inc.*, 8th Dist. Cuyahoga No. 97990, 2012-Ohio-5068, ¶ 11, this court stated:

> "An individual may fall into the definition of one regarded as having a disability if an employer ascribes to that individual an inability to perform the functions of a job because of a medical condition, when, in fact, the individual is perfectly able to meet the job's duties." *Ross v. Campbell's Soup Co.*, 237 F.3d 701, 706 (6th Cir.2001). Moreover, to be "regarded as" disabled for purposes of a [disability] discrimination claim, the employer's negative perception must encompass a broad class of jobs. *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 489, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999).

Thus, the issue in the instant case is whether Pavlick established that the board terminated him because of a perceived physical impairment as it relates to a broad class of jobs.

**{¶24}** At deposition, Pavlick admitted that he did not mention his alleged back surgery or his lifting restriction during his interview because he did not feel it was relevant. (Dep. tr. 37-38.) The board alleges that when Pavlick was specifically questioned by a supervisor during his probationary period, regarding comments he made to fellow employees about being unable to lift certain things due to his back, he denied any disability.

> "An employer has notice of the employee's disability when the employee tells the employer that he is disabled. * * * The employer is not required to speculate as to the extent of the employee's disability * * * ." (Internal citations omitted.) *Hammon v. DHL Airways, Inc.*, 165 F.3d 441, 450 (6th Cir.1999) (holding that plaintiff with anxiety disorder failed to make a prima facie disability case when plaintiff admitted that he never suggested that his emotional problems stemmed from a condition of disability).

*Field* at ¶ 24. Pavlick denies having ever told his supervisor that he did not have a lifting restriction.

**{¶25}** Despite not mentioning his lifting restriction during his interview, Pavlick argues the board knew of his disability because of the EEO/EMIS form[3] contained in his application for employment paperwork. This form, filled out by Pavlick, asks the applicant "[d]o you have a history of, do you have presently, or are you regarded as having a physical or mental handicap?"

---

[3] Attached to Pavlick's exhibits for his brief in opposition to the board's motion for summary judgment.

Pavlick answered in the affirmative and wrote "[n]o lifting greater than 50 lbs." Pavlick argues this is sufficient evidence that the board knew about his lifting restriction, and therefore, regarded him as disabled.

{¶26} The board denies any knowledge of the EEO/EMIS form, arguing that although it was filed upon Pavlick's hiring, the board never reviewed it prior to his termination and only first saw it in anticipation of litigation. Regardless, even if the board had seen and read this form prior to terminating Pavlick, as discussed above, a lifting restriction does not, in and of itself, constitute a disability and thus, the board could not have regarded Pavlick as disabled based on this form alone.

{¶27} As previously mentioned, Pavlick provided the board with a medical evaluation from his personal physician, Dr. Dohar, as is required for the type of position Pavlick applied for. In contrast to the EEO/EMIS form, the medical evaluation never mentions any back surgery, any lifting restriction, or any disability. On the contrary, Dr. Dohar states in the report that Pavlick is "[c]urrently able to work without accommodation."

{¶28} Pavlick repeatedly relies on *Locsei v. Mayfield City School Dist.*, 8th Dist. Cuyahoga No. 75277, 2000 Ohio App. LEXIS 1179 (Mar. 23, 2000), to support his claims, however, we find *Locsei* distinguishable from the instant case. In the *Locsei* opinion, the appellate court outlined multiple instances in which Mr. Locsei provided his employer with medical reports and letters describing his medical issues prior to his termination. That is not the case in Pavlick's situation.

{¶29} We find there is no evidence that the board ascribed to Pavlick the inability to perform the functions of his position because of a medical condition. There is no evidence that

the board had any knowledge of Pavlick's lifting restriction other than the EEO/EMIS form and the record is devoid of evidence that the board had any knowledge of Pavlick's lumbar surgery.

{¶30} However, even if this court were to assume arguendo that the board did have knowledge of Pavlick's lifting restriction, there is no evidence that they perceived that restriction as a disability. Furthermore, were this court to assume arguendo the board did perceive Pavlick to be unable to perform the requirements of the specific position of Tradesperson specializing in HVAC due to a lifting restriction, Pavlick has set forth no evidence to show that the board's negative perception encompassed a broad class of jobs. *See Green v. Rosemont, Inc.*, 5 F.Supp.2d 568 (S.D.Ohio 1998) (employer's awareness of a hernia operation and of subsequent lifting restrictions does not prove that it regarded the employee as disabled); *Marziale v. BP Prods. N. Am.*, S.D.Ohio No. 1:05-CV-741, 2007 U.S. Dist. LEXIS 90730 (Nov. 27, 2007) ("The Sixth Circuit has explained that an employer's perception that health problems are adversely affecting an employee's job performance is not tantamount to regarding that employee as disabled."), citing *Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 810-811 (6th Cir. 1999), *cert. denied*, 530 U.S. 1262, 120 S.Ct. 2718, 147 L.Ed.2d 983 (2000).

{¶31} Thus, we find Pavlick has failed to establish his prima facie case under the third definition of disability.

{¶32} Accordingly, even viewing the evidence in the light most favorable to Pavlick, we find he has failed to establish his prima facie case of disability discrimination. Therefore, no genuine issues of material fact exist that would defeat the board's motion for summary judgment. Summary judgment was properly granted to the board. Pavlick's first and second assignments of error are overruled.

**{¶33}** We find Pavlick's failure to establish a prima facie case to be dispositive of this appeal.   Pavlick's third assignment of error is moot.[4]

**{¶34}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

SEAN C. GALLAGHER, P.J., and
MELODY J. STEWART, J., CONCUR

---

[4]   In his third assignment of error, Pavlick argues the trial court erred in finding that the board had a legitimate, non-pretextual reason for terminating him during his probationary period.