[Cite as *Best Motors, L.L.C. v. Kaba*, 2023-Ohio-804.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

BEST MOTORS, LLC,                    :

    Plaintiff-Appellee,          :

                                  Nos. 111459 and 111713

    v.                           :

CHEICK KABA, ET AL.,                 :

    Defendants-Appellants.       :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** March 16, 2023

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-20-935889

---

### *Appearances:*

Fisher & Phillips, LLP and Komlavi Atsou, *for appellee.*

Cheick Kaba, *pro se.*

MICHAEL JOHN RYAN, J.:

{¶ 1} Defendant-appellant, Cheick Kaba ("Cheick"), appeals the trial court's decision to grant summary judgment in favor of plaintiff-appellee, Best Motors, LLC. After a thorough review of the law and facts of the case, we reverse the trial court's judgment.

{¶ 2} According to the complaint filed in this matter, on May 26, 2020, Cheick contacted Best Motors to inquire about selling a 2019 Toyota Land Cruiser, VIN JTMCY7AJ4K40771**. Hani Atta ("Atta"), the owner of Best Motors, went to Cheick's house on Harvard Road in Cleveland to inspect the vehicle. According to Atta, Cheick represented that he and his cousin, Bangaly Kaba ("Bangaly"), jointly owned the vehicle but Bangaly had the vehicle's certificate of title with him in New York, where he resided.

{¶ 3} The complaint alleges that after inspection, Atta and Cheick agreed on a sale price of $46,000, but Cheick wanted a deposit. On June 16, 2020, Best Motors paid a $2,000 cash deposit to Cheick to hold the car until Bangaly returned to Cleveland with the vehicle's title. The receipt for the $2,000 was made out to "Ben Kaba."

{¶ 4} According to Atta, on July 1, 2020, he met with Cheick and Bangaly to purchase the vehicle. The parties executed a simple bill of sale. Bangaly signed the bill of sale as the seller, and Atta signed as the buyer on behalf of Best Motors. Best Motors paid the remaining $44,000 via cashier's check made out to Bangaly, which was endorsed by Bangaly and cashed the same day. Bangaly turned over a standard certificate of title, which listed the owner of the car as "Brandon A Trapp," with an address in South Amboy, New Jersey.

{¶ 5} Also on July 1, 2020, Best Motors applied for an original certificate of title. The next day, during the processing of the application, Best Motors was informed that the vehicle came back as stolen. Atta filed a police report, and the car was seized

by the police.[1]  According to Atta, he was unable to recover the $46,000 from the Kabas.

{¶ 6} On August 12, 2020, Best Motors filed suit against Cheick and Bangaly for breach of contract, unjust enrichment, fraud, civil theft, conversion, and civil conspiracy.  As part of the discovery process, Cheick was deposed.  During his deposition, Cheick invoked his Fifth Amendment privilege and refused to answer questions about his relationship to Bangaly or the vehicle.

{¶ 7} Best Motors moved for default judgment against Bangaly, which the trial court granted.  Best Motors moved for summary judgment against Cheick, which Cheick opposed.  In February 2022, the trial court granted Best Motor's motion for summary judgment.  Best Motors filed an affidavit of damages requesting $46,000 in compensatory damages, $13,569.50 in attorney fees, $492.80 in costs, and, extraordinarily, $92,000 in punitive damages.  Without a hearing or opinion, the trial court awarded damages in the amount of $151,972.30, which included $92,000 in punitive damages.

{¶ 8} Cheick filed a timely notice of appeal, pro se, and raises four assignments of error for review:

> I.  The Trial Court committed reversible error in granting Summary Judgment in favor of Plaintiff without complying with the

---

[1] Cheick and Bangaly were charged in Cuyahoga County Common Pleas Court with three fourth-degree felonies:  unauthorized use of a motor vehicle (R.C. 2913.03(A)), grand theft (R.C. 2913.02(A)(3)), and securing records by deception (R.C. 2913.43).  Cheick pleaded no contest to an amended count of unauthorized use of a motor vehicle, a first-degree misdemeanor, the remaining counts were nolled, and he was sentenced to probation.  There is an outstanding capias for Bangaly.

requirements of Civ.R. 56 and a factual and legal basis in support of the Court's [judgment].

II. The Trial Court abused its discretion in [s]ua [s]ponte denying of [sic] Appellant's Civ.R. 60(B) motion to set aside judgment without any review and consideration to the factual and legal issues raised in support of motion for relief from [j]udgment.

III. The Trial Court's [m]onetary award of [j]udgment in the sum of [$151,972.00] plus an interest of 3% per annum is contrary to law.

IV. The Trial Court erred in denying Appellant's motion to quash [j]udgment lien granted by the Court without complying with the requirement of Ohio Civ.R. 50 and 62.

## Law and Analysis

## Standard of Review

{¶ 9} We review summary judgment rulings de novo, applying the same standard as the trial court. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Under Civ.R. 56, summary judgment is appropriate when no genuine issue exists as to any material fact and, in viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion that is adverse to the nonmoving party, entitling the moving party to judgment as a matter of law.

{¶ 10} In a motion for summary judgment, the moving party carries an initial burden of identifying specific facts that demonstrate their entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the moving party fails to meet this burden, summary judgment is not appropriate; if the moving party meets this burden, the nonmoving party has the reciprocal burden to set forth specific facts demonstrating the existence of a genuine issue of

material fact for trial. *Id.* at 293. Summary judgment is appropriate if the nonmoving party fails to meet this burden. *Id.*

{¶ 11} As the reviewing court, we evaluate the record in a light most favorable to the nonmoving party. *Pavlick v. Cleveland Hts.-University Hts. Bd. of Edn.*, 8th Dist. Cuyahoga No. 101570, 2015-Ohio-179, ¶ 7, citing *Saunders v. McFaul*, 71 Ohio App.3d 46, 50, 593 N.E.2d 24 (8th Dist.1990). We resolve any doubts in favor of the nonmoving party. *Pavlick* at *id.*, citing *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359, 604 N.E.2d 138 (1992).

**Best Motors' Motion for Summary Judgment**

{¶ 12} Best Motors submitted the following evidence in support of its motion for summary judgment:

1. Affidavit of Hani Atta

2. Exhibit 1-A: Receipt for $2,000 deposit to "Ben Kaba"

3. Exhibit 1-B: Bill of Sale - Snowmobile[2]

4: Exhibit 1-C: U.S. Bank Cashier's Check for $44,000

5. Exhibit 1-D: Endorsed U.S. Bank Cashier's Check for $44,000

6. Exhibit 1-E: Certificate of Title, Type: Standard, Title No. AW788984, dated May 28, 2019

7. Exhibit 1-F: Best Motor's Application for Certificate of Title to a Motor Vehicle

8. Exhibit 1-G: Theft report

---

[2] Printed on the face of the bill of sale are the words "Bill of Sale Snowmobile."

9. Exhibit 1-H: Hani Atta's Police Statement

10. Exhibit 2: Deposition of Cheick Kaba

{¶ 13} Best Motors contends that the above exhibits are uncontroverted evidence that it contracted with both Cheick and Bangaly to buy the Toyota Land Cruiser. Best Motors claims that Cheick and Bangaly perpetrated a fraud upon the company by representing that they jointly and legally owned the vehicle when the vehicle was stolen and, moreover, the company relied on a false certificate of title for the vehicle, which appeared on its face to be valid. Best Motors argues that Cheick was unjustly enriched by the proceeds of the sale of the vehicle and that Cheick conspired with Bangaly to sell the stolen car to Best Motors.

{¶ 14} The documents attached to Best Motors' motion for summary judgment do not support its claims. Arguably, the only exhibit that supports Best Motors' claims is Atta's affidavit, in which he averred that it was Cheick who contacted Best Motors to sell the vehicle. According to Atta, when he went to Cheick's house to inspect the vehicle, Cheick represented that he owned the car with his cousin, Bangaly. Atta further averred that he negotiated the sale price of the vehicle with Cheick and gave Cheick the $2,000 deposit to hold the car until Bangaly returned to Cleveland with the car title and extra key. Atta averred that he paid both Cheick and Bangaly $44,000 for the vehicle via a cashier's check, both Cheick and Bangaly cashed the cashier's check, and both Cheick and Bangaly provided the false certificate of title to Best Motors.

{¶ 15} Exhibit 1-A, the receipt for the $2,000 deposit, was made out to "Ben Kaba," not Cheick. Exhibit 1-B, the "Bill of Sale – Snowmobile," which was the bill of sale purportedly used in the transaction, listed only Bangaly as the seller and only Bangaly signed the document as the seller. Exhibits 1-C and 1-D are the U.S. Bank cashier's check in the amount of $44,000, payable to "Bangaly Kaba" and endorsed only by Bangaly.[3]

{¶ 16} Exhibit 1-E, the certificate of title, lists the owner of the Toyota Land Cruiser as "Brandon A Trapp," with an address in South Amboy, New Jersey.[4] The type of title is listed on the certificate as "standard." Likewise, Exhibit 1-F, Best Motors' application for an original certificate of title, lists the owner's name as Brandon A Trapp with the same New Jersey address.[5]

{¶ 17} Atta's self-serving affidavit was contradicted by the exhibits attached to it. Thus, Best Motors has been unable to show that Cheick was present at any point during the negotiation or sale of the vehicle, upon receipt or deposit of the $44,000, or that he received any of the proceeds of the sale of the car. Best Motors also has been unable to show that Cheick had knowledge the vehicle was stolen or

---

[3] Best Motors does not dispute that the cashier's check was endorsed by Bangaly.

[4] Exhibit 1-G purports to show that the 2019 Toyota Land Cruiser had its original title issued to "Brandon A Trapp" on May 28, 2019, and it was reported stolen in Connecticut on June 22, 2019. A subsequent title, title number 15375102, was issued in New Hampshire on December 17, 2019.

[5] One could question whether Best Motors should have been on notice that it was purchasing a false certificate of title.

there would be a problem with the certificate of title, which was in his cousin's possession in New York.

{¶ 18} Best Motors further claims that Cheick is unable to show a genuine issue of material fact exists for trial because he refused to answer questions during his deposition. Best Motors appears to acknowledge Cheick's right to invoke his Fifth Amendment privilege but argues that Cheick cannot avoid his obligation under Civ.R. 56 by asserting the privilege. According to Best Motors, Cheick is attempting to leverage his refusal to answer deposition questions into a basis for creating a factual dispute.

{¶ 19} Cheick's decision to invoke his Fifth Amendment privilege at deposition does not relieve him from his reciprocal burden of demonstrating the existence of a genuine issue of material fact for trial. Cheick's reciprocal burden under summary judgment was to set forth specific facts showing that there is a genuine issue for trial. *Dresh*er, 75 Ohio St.3d at 293, 662 N.E.2d 264. He has met that burden. Moreover, we note that the Supreme Court of Ohio has found that even in a case where a nonmoving party *fails completely to respond* to a motion for summary judgment, "summary judgment is improper unless reasonable minds can come to only one conclusion and that conclusion is adverse to the nonmoving party." *State ex rel. Dayton Legal News, Inc. v. Drubert*, 2d Dist. Montgomery No. 24825, 2012-Ohio-564, ¶ 7, citing *Morris v. Ohio Cas. Ins. Co.*, 35 Ohio St.3d 45, 47, 517 N.E.2d 904 (1988), citing *Toledo's Great E. Shoppers City, Inc. v. Abde's Black Angus Steak House No. III, Inc.*, 24 Ohio St.3d 198, 201-202, 494 N.E.2d 1101

(1986). The burden was on Best Motors to establish the non-existence of any material factual issues; Best Motors has failed to do so. Simply put, Best Motors' own evidence establishes questions of fact for trial.

{¶ 20} Under these circumstances, construing the evidence in favor of Cheick as the nonmoving party, we conclude that there are genuine issues of material fact that preclude summary judgment. Atta's affidavit and the accompanying exhibits were insufficient to establish that Best Motors is entitled to judgment as a matter of law on its claims for breach of contract, unjust enrichment, fraud, civil theft, conversion, and civil conspiracy. Therefore, the trial court erred in granting summary judgment in favor of Best Motors.

{¶ 21} The first assignment of error is sustained.

{¶ 22} Considering the disposition of the first assignment of error, the remaining assignments of error, which challenged actions the trial court took after granting summary judgment, are moot.

{¶ 23} The judgment award of $151,972 is hereby reversed, and this case is remanded to the trial court for proceedings consistent with this opinion.

It is ordered that appellants recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, JUDGE

LISA B. FORBES, P.J., and
MARY J. BOYLE, J., CONCUR